**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MARCUS SHAMILLYON JACKSON,**

      **Plaintiff,**

      v.                                                                                       **CASE NO. 17-3082-SAC**

**J. DEXTER BURDETTE, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Marcus Shamillyon Jackson is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his claims against Defendants Burdette, Zimmerman, Serra, Gordman, Dupree, Floyd, Penland, Alig, Birmingham, Mellor, Smith, and Williams, should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. The Court finds that proper processing of Plaintiff's claims against the remaining Defendants cannot be achieved without additional information from appropriate officials of Wyandotte County, Kansas.

**I.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis, and assessed an initial partial filing fee. (Doc. 3.) Plaintiff filed a response (Doc. 4) indicating that he does not have the funds to pay the initial partial filing fee. The Court will treat the response as a request to waive the initial partial filing fee and will grant the request.

Plaintiff's allegations in his Complaint relate to his state criminal proceedings, and include claims of malicious prosecution, ineffective assistance of counsel, illegal detainment and judicial

misconduct. Plaintiff names as Defendants: Wyandotte County District Court Judges J. Dexter Burdette, Fred Zimmerman, and Robert Serra; Wyandotte County Prosecutors Jerome Gordman, Mark Dupree, James Antwone Floyd, Thomas Penland, and Susan Alig; defense attorneys Mark Birmingham, Elizabeth Mellor, and Jacob N. Smith; Wyandotte County Sheriff Donald Ash; Wyandotte County Jail Warden Jeffrey Fewell; Wyandotte County Unified Government; Kansas City Police Department Detective (fnu) Fithian; Amazon Supervisor Carl Levert Williams; and (fnu) (lnu) Wyandotte County Sheriff's Department Deputy. Plaintiff's seeks money damages and to have his state criminal charges dismissed with prejudice.

Plaintiff claims he was booked into the Wyandotte County Adult Detention Center on October 8, 2015, on a 48-hour hold. Defendant Detective Fithian placed the hold on Plaintiff due to a lack of criminal evidence and Plaintiff's request to have a lawyer present prior to questioning. Although the 48-hour hold expired on October 10, 2015, Plaintiff continued to be held until his arrest on October 13, 2015.

Plaintiff alleges in his Complaint that in his state criminal proceedings Judge Burdette failed to replace his ineffective defense counsel, Mark Birmingham, and denied him a fair trial. Plaintiff also sets forth errors allegedly committed by defense attorney Birmingham, and claims they had an irreconcilable conflict. Plaintiff also alleges that defense attorneys Elizabeth Mellor and Jacob N. Smith failed to properly defend him. Plaintiff claims that Judge Robert Serra denied his oral motion to dismiss the charges against Plaintiff. Plaintiff claims that Detective Fithian unconstitutionally arrested Plaintiff. Plaintiff claims that Judge Fred Zimmerman "negligently upheld [Plaintiff's] constitutional rights after he observed in court that something was wrong with the documentation relating to the arrest warrant.

Plaintiff claims that Sheriff Donald Ash, Warden Jeffrey Fewell, and an unknown deputy

at Wyandotte County failed to release him from jail after completion of his 48-hour hold. Plaintiff's claims against Amazon Supervisor Carl Levert Williams, a witness in Plaintiff's criminal case, are related to his "deceiving and untrue incriminations to authorities." Plaintiff alleges that all the named prosecutors allowed the unconstitutional injustice to continue.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

4

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### *1. Request to have His State Criminal Charges Dismissed*

To the extent Plaintiff challenges the validity of his sentence or conviction, his federal claim must be presented in habeas corpus. However, a petition for habeas corpus is premature until Plaintiff has exhausted available state court remedies.[1] *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

#### *2. Request for Monetary Damages*

**A. Eleventh Amendment Immunity**

Although it is unclear whether Plaintiff sues any of the defendants in their official capacity, a claim against state officials for monetary damages is barred by sovereign immunity. An official-capacity suit is another way of pleading an action against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted). Sovereign immunity generally bars actions in federal court for damages against state officials acting in their official capacities. *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001). It is well established that Congress did

---

[1] On-line records maintained by Wyandotte County District Court reflect that Plaintiff was sentenced on December 1, 2017, in Case No. 2015-CR-000914.

not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

The bar also applies when the entity is an arm or instrumentality of a state. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). In determining whether an entity is an instrumentality or arm of the state for purposes of Eleventh Amendment immunity, the Tenth Circuit has established a two-party inquiry, requiring an examination of: (1) "the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state," and (2) "the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing." *Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir. 1997) (citations omitted). "The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury." *Id.* (citations omitted).

Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals. *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3. The legislature defines "state agency," for purposes of the state workers' compensation fund, as "the state, or any department or agency of the state, but not including . . . the district court with regard to district court officers or employees whose total salary is payable by counties." K.S.A. 44–575(a). The only court personnel who are not included in the judicial personnel pay system, and are instead paid by the county, are county auditors, coroners, court trustees and personnel in each trustee's office, and personnel performing services in adult or juvenile detention or correctional facilities. K.S.A. 20–162(a), (b). District court judges are state officials. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan.

2004), *see also Sigg v. Dist. Court of Allen Cty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims against judge for money damages are barred).

Any official capacity claim against a state official for monetary damages is barred by sovereign immunity. Furthermore, state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Any claim for monetary damages against the state officials in their official capacities is subject to dismissal as barred by sovereign immunity.

### B. Wyandotte County Prosecutors Jerome Gordman, Mark Dupree, James Antwone Floyd, Thomas Penland, and Susan Alig

Plaintiff's claims against the Wyandotte County prosecutors fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function. Plaintiff is directed to show cause why his claims against the Wyandotte County prosecutors should not be dismissed based on prosecutorial immunity.

### C. Criminal Defense Attorneys Mark Birmingham, Elizabeth Mellor, and Jacob N. Smith

Plaintiff has not shown that his state court defense attorneys were acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520

7

Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013)("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)). A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983). Plaintiff's claims against his defense attorneys are subject to dismissal for failure to state a claim.

### D. Wyandotte County District Court Judges J. Dexter Burdette, Fred Zimmerman, and Robert Serra

The Wyandotte County District Court Judges are entitled to personal immunity. "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'" *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claim against the state court judges should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts whatsoever to suggest that any of the state court judges were acting outside their judicial capacities.

### E. Amazon Supervisor Carl Levert Williams

Plaintiff has failed to allege that Defendant Williams violated Plaintiff's constitutional rights or that he acted under color of state law. Defendant Williams, a witness in Plaintiff's criminal case, is entitled to witness immunity. The Supreme Court has held that:

> There are two reasons why § 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding. First, § 1983 does not create a remedy for all conduct that may result in violation of "rights, privileges, or immunities secured by the Constitution and laws." Its reach is limited to actions taken "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ." It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed "under color of law." Second, since 1951, when this Court decided *Tenney v. Brandhove,* 341 U.S. 367, 71 S. Ct. 783, 95 L. Ed. 1019, it has been settled that the all-encompassing language of § 1983, referring to "[e]very person" who, under color of law, deprives another of federal constitutional or statutory rights, is not to be taken literally.

*Briscoe v. LaHue*, 460 U.S. 325, 329–30 (1983) (footnotes omitted); *see also Rehberg v. Paulk*, 566 U.S. 356 (2012) (a trial witness sued under § 1983 enjoys absolute immunity from any claim based on his testimony). "Witness immunity applies even to a witness that gave perjured testimony at a criminal trial." *Grigsby v. Lemuz*, 2015 WL 10945000, at *2 (D. Kan. Feb. 12, 2015) (citing *Briscoe*, 460 U.S. at 335–36)). Plaintiff's claim against Defendant Williams is subject to dismissal for failure to state a claim.

### F. Defendants Wyandotte County Sheriff Donald Ash; Wyandotte County Jail Warden Jeffrey Fewell; Wyandotte County Unified Government; Kansas City Police Department Detective (fnu) Fithian; and (fnu) (lnu) Wyandotte County Sheriff's Department Deputy

Plaintiff alleges that Defendants held Plaintiff for over 48 hours before finding probable cause. "[T]he Fourth Amendment's shield against unreasonable seizures requires a prompt judicial determination of probably cause following an arrest made without a warrant and ensuing

detention." *Powell v. Nevada*, 511 U.S. 79, 80 (1994). Prompt generally means "within 48 hours of the warrantless arrest; absent extraordinary circumstances, a longer delay violates the Fourth Amendment." *Id*. (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)).

Recognizing that some delays are inevitable, the United States Supreme Court has found that, as a general matter, a plaintiff's Constitutional rights are not violated if a judicial determination of probable cause is held within 48 hours of the arrest. *County of Riverside*, 500 U.S. at 56. Of course, there are exceptions. An individual's rights may be violated—even if the hearing is held within 48 hours—if the individual can prove that his or her probable cause determination was delayed unreasonably. *Id*. at 57. Unreasonable delay occurs when the delay is for the purpose of gathering additional evidence to justify the arrest, motivated by ill will against the individual, or delay for delay's sake. *Id*. (noting these exceptions and recognizing that delays are reasonable when they are for "transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be busy processing other suspects or securing the premises of an arrest, and other practical realities").

Plaintiff was sentenced in state court on December 1, 2017. It is unclear whether Plaintiff received credit for the time he spent in custody following his initial arrest—the same time he now contends he was unlawfully detained. *See Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017). "[A] section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence." *Id*. (citations omitted). Plaintiff must show that he was injured by the presumptively unreasonable delay of more than 48 hours. If Plaintiff is not entitled to seek damages related to his detention, then there is no injury that a favorable decision by a federal court may redress. *See id*. at 918 (where judge ultimately found probable cause and

denied bail, plaintiff would not have been entitled to release any sooner, and because her time in custody was later credited to a criminal sentence on another charge, plaintiff could not receive damages for time spent in custody after her arrest).

The Court finds that proper processing of Plaintiff's claim that he was held for more than 48 hours before a probable cause determination was made, cannot be achieved without additional information from appropriate officials of Wyandotte County, Kansas. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

### V.   Requests for Appointment of Counsel

Plaintiff has noted on his Complaint a request for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff

11

appears capable of adequately presenting facts and arguments. The Court denies Plaintiff's request for appointment of counsel in this case without prejudice to refiling a motion if Plaintiff's Amended Complaint survives screening.

**IT IS THEREFORE ORDERED THAT** Plaintiff's request for appointment of counsel is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's request to waive the initial partial filing fee (Doc. 4) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **January 22, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's claims against Defendants Burdette, Zimmerman, Serra, Gordman, Dupree, Floyd, Penland, Alig, Birmingham, Mellor, Smith, and Williams should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED THAT:**

(1) The report required herein shall be filed no later than sixty (60) days from the date of this Order.

(2) Officials responsible for the operation of the Wyandotte County Detention Center are directed to undertake a review of the subject matter of the Complaint:

    (a)    to ascertain the facts and circumstances;

    (b)    to consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint;

    (c)    to determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3)  Upon completion of the review, a written report shall be compiled which shall be filed with the Court.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any tapes of the incident underlying Plaintiff's claims shall also be included.

(4)  Authorization is granted to the appropriate officials of Wyandotte County, Kansas, to interview all witnesses having knowledge of the facts including Plaintiff.

(5)  No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report requested herein has been prepared and filed.

(6)  Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report required herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED that** the clerk of court shall enter the Wyandotte County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, the Wyandotte County Sheriff may move for termination from this action.

Copies of this Order shall be transmitted to Plaintiff and to the Sheriff of Wyandotte County, Kansas.

**IT IS SO ORDERED**.

**Dated on this 22nd day of December, 2017, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
SAM A. CROW
U. S. Senior District Judge