**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MARCUS SHAMILLYON JACKSON,

      **Plaintiff,**

      v.                                           CASE NO. 17-3082-SAC

J. DEXTER BURDETTE, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 3.) This matter is before the Court on Plaintiff's Motion for Order to Disqualify the Respondent (Doc. 20); Motion to Amend Complaint (Doc. 23); Motion to Leave and Amend (Doc. 24); and Motions to Compel (Docs. 25, 26).

### I. Background

Plaintiff's allegations in his original Complaint (Doc. 1) relate to his state criminal proceedings, and include claims of malicious prosecution, ineffective assistance of counsel, illegal detainment and judicial misconduct. Plaintiff claims he was booked into the Wyandotte County Adult Detention Center on October 8, 2015, on a 48-hour hold. Plaintiff alleges that Defendant Detective Fithian placed the hold on Plaintiff due to a lack of criminal evidence and Plaintiff's request to have a lawyer present prior to questioning. Plaintiff claims that although the 48-hour hold expired on October 10, 2015, Plaintiff continued to be held until his arrest on October 13, 2015. Plaintiff's seeks money damages and to have his state criminal charges dismissed with prejudice.

On December 22, 2017, the Court entered a Memorandum and Order and Order to Show

1

Cause (Doc. 5) ("MOSC").  The MOSC gave Plaintiff until January 22, 2018, to show cause why multiple defendants should not be dismissed from the case.  Plaintiff failed to respond to the MOSC by the deadline and the Court entered an Order (Doc. 8) dismissing the defendants set forth in the MOSC.  The Court held that the proper processing of Plaintiff's claims against the remaining Defendants could not be achieved without additional information from appropriate officials of Wyandotte County, Kansas.  The Court ordered those officials to prepare a *Martinez* Report.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

The remaining Defendants filed the *Martinez* Report on April 20, 2018.  (Doc. 13.)  On May 30, 2018, the Defendants filed a Motion to Dismiss (Docs. 16, 17), alleging that although the arrest warrant was filed on October 13, 2015, it was actually signed by the judge on October 9, 2015.  Plaintiff has now filed two motions to amend his Complaint.

## II. Motion to Leave and Amend (Doc. 24)

Plaintiff filed a Motion to Leave and Amend (Doc. 24), stating that he is seeking to bring a Federal Tort Claim under 28 U.S.C. § 1343(1)(2)(3) in addition to his 42 U.S.C. § 1983 claims.  The Court finds that Plaintiff's motion to amend should be denied on the grounds of futility.  *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (leave to amend a complaint may be denied on the basis of futility among other reasons).

Petitioner's proposed amendment to assert a claim under the Federal Tort Claims Act ("FTCA") would be futile because Plaintiff has not named any federal defendants.  The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties."  *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing

§ 1346(b)(1)).  "The United States is the only proper defendant in an FTCA action."  *Smith*, 561 F.3d at 1099 (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)); *see Hui*, 559 U.S. at 801 (the FTCA "generally authorizes substitution of the United States as the defendant."). The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States."  *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'").  Furthermore, the FTCA has procedural and jurisdictional requirements.  *See Staggs v. U.S. ex rel. Dep't of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's presentation requirements are jurisdictional and cannot be waived") (citation omitted).  Therefore, exhaustion of administrative remedies is a prerequisite to suit under the FTCA, and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency.  *See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007).

### III. Motion to Leave and Amend Complaint (Doc. 23)

Plaintiff also filed a motion for leave to amend his Complaint (Doc. 23), seeking to specify with detail that Defendant Fithian directly lied upon the affidavit supporting the arrest warrant. Rule 15(a)(2) provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Defendants have not filed a response in opposition to the motion to amend.  The Court will grant the motion to amend.

Plaintiff's proposed Amended Complaint at Doc. 23–1, however, is deficient for several reasons.  Plaintiff has failed to submit his Amended Complaint on the court-approved form, has

3

failed to name the defendants in the caption, and has failed to request any form of relief. The Court will give Plaintiff an opportunity to resubmit his Amended Complaint on the court-approved form. Plaintiff should also be mindful of the Court's prior rulings when he asserts his request for relief. In the MOSC, the Court noted that:

> To the extent Plaintiff challenges the validity of his sentence or conviction, his federal claim must be presented in habeas corpus. However, a petition for habeas corpus is premature until Plaintiff has exhausted available state court remedies.[1] *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

(Doc. 5, at 5.) Similarly, in Plaintiff's prior habeas action before this Court, the Court dismissed the petition, stating that:

> The court informed petitioner in its screening order that under federal statutory law and United States Supreme Court precedent, a "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition," federal habeas corpus relief is not available to a state prisoner unless all state court remedies were exhausted before the petition was filed, and petitioner has the burden of proving exhaustion.

*Jackson v. Ash*, Case No. 16-3124-SAC (D. Kan. July 12, 2016) (Doc. 8, at 2).

Plaintiff also alleged in his original Complaint that pursuant to a hearing on his motion to suppress in his state court criminal proceedings, the judge "ruled there was sufficient evidence in the affidavit and warrant." (Doc. 1, at 6.) The Court's ruling on the motion to suppress may require the application of collateral estoppel upon final adjudication. "Collateral estoppel, or issue preclusion, is available in actions under § 1983." *Williams v. Henderson*, 626 F. App'x 761,

---

[1] On-line records maintained by Wyandotte County District Court reflect that Plaintiff was sentenced on December 1, 2017, in Case No. 2015-CR-000914.

763 (10th Cir. 2015) (unpublished) (citing *Allen v. McCurry*, 449 U.S. 90 (1980)). "The doctrine applies when (1) the issue previously decided is identical with the one presented in the current action; (2) the prior action was finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior litigation, and (4) the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the prior action." *Id.* (citing *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009)); *see Sibert v. Phelan*, 901 F. Supp. 183, 187 (D.N.J. 1995) (finding issue preclusion appropriate where judge previously decided issue on suppression motion); *see also Searing v. Hayes*, 684 F.2d 694 (10th Cir. 1982); *see also Jackson v. Loftis*, 189 F. App'x 775, 779, n.3 (10th Cir. 2006) (unpublished) (noting that many cases reflect the basic notion that a conviction, by plea or trial, that establishes probable cause for arrest is conclusive on the issue in later civil rights litigation).

Plaintiff should show cause why his current Amended Complaint should not be dismissed for the reason set forth herein. Plaintiff is also given an opportunity to file a proper amended complaint on the court-approved form that cures the deficiencies noted herein. Defendants may also respond to this order to show cause by the deadline set forth herein.

**IV. Motion to Dismiss (Doc. 16)**

Plaintiff has filed an Amended Complaint which supersedes his original Complaint. Therefore, the Court will deny Defendants' Motion to Dismiss, without prejudice to them refiling the motion if a claim regarding the 48-hour hold survives screening pursuant to Plaintiff's Amended Complaint. It does not appear that Plaintiff is still pursuing this claim, but it is difficult for the Court to determine in light of his failure to use the appropriate form.

**V. Motion for an Order to Disqualify (Doc. 20)**

Plaintiff alleged that he did not receive a timely copy of the *Martinez* Report and that he did

5

not receive the motion to dismiss and memorandum in support in time to file an informed response. (Doc. 18.) Plaintiff then filed a Motion for an Order to Disqualify the Respondent Party Due to Fraud Upon the Court. (Doc. 20.) Plaintiff's motion notes the discrepancy or delay between the date on the certificate of service and the date he actually received pleadings. Plaintiff filed a response (Doc. 19) noting that he was filing it without having reviewed the motion to dismiss and memorandum in support. The Court entered an Order on June 15, 2018, directing the clerk to provide Plaintiff with copies of the motion and memorandum and granting Plaintiff an extension of time to July 9, 2018, to file a proper response. (Doc. 21.) Because the Court granted Plaintiff an extension of time and provided him with copies of the pertinent documents, the Court denies the motion to disqualify the respondent party due to alleged fraud upon the Court.

## VI. Motions to Compel (Docs. 25, 26)

Plaintiff has filed two motions to compel discovery. Because Plaintiff's complaints have not survived screening, discovery is premature at this time. The Court denies the motions without prejudice to Plaintiff refiling them in the event his amended complaint survives screening.

## VII. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2]

---

[2] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3082-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. See Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates,

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Order to Disqualify the Respondent (Doc. 20) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Leave and Amend (Doc. 24) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Compel (Docs. 25, 26) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 16) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 23) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 17, 2018,** in which to submit a proper amended complaint on the court-approved form.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 17, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's claims should not be dismissed for the reasons set forth in this Memorandum and Order and Order to Show Cause.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated on this 16th day of November, 2018, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **U. S. Senior District Judge**

---

locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.