IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARCUS SHAMILLYON JACKSON,

Plaintiff,

v.                                                          Case No. 17-3082-JWB-GEB

DONALD ASH, *Sheriff, Wyandotte*
*County Sheriff's Department, et al.,*

Defendants.


**MEMORANDUM AND ORDER**

This matter is before the court on a Report and Recommendation ("R&R") from United States Magistrate Judge Gwynne E. Birzer. (Doc. 39.) The R&R recommends dismissal of all claims asserted by Plaintiff in his amended complaint. Plaintiff has not filed any objection to the R&R within the 14-day period permitted by Fed. R. Civ. P. 72(b)(2). For the reasons stated below, the court ADOPTS the R&R and DISMISSES Plaintiff's claims.

Magistrate Judge Birzer fully set forth the background of this case in her thorough 26-page R&R and it will not be repeated here. (Doc. 39.) In brief, Plaintiff was tried and convicted in Wyandotte County, Kansas, of aggravated burglary and fleeing or attempting to elude a police officer. He later filed this action under 42 U.S.C. § 1983, and now asserts a multitude of claims against numerous defendants in his amended complaint. (Doc. 29.) In brief, Judge Birzer recommended as follows with respect to the claims. First, she recommended dismissal of Plaintiff's claims against the prosecutors in his case for failure to allege any facts showing the prosecutors were not entitled to immunity under *Imbler v. Pachtman,* 424 U.S. 431 (1976). (Doc. 39 at 13.) She recommended dismissal of Plaintiff's claims against his trial attorney for failure to

allege any facts showing the attorney was acting under color of state law for purposes of § 1983. (*Id.* at 14.) She recommended dismissal of Plaintiff's claims against the state trial judge for failure to allege any facts to overcome judicial immunity. (*Id.* at 14-15.) With respect to Plaintiff's claims that he was unlawfully detained for several days after his arrest without a probable cause hearing, Judge Birzer recommended dismissal for several reasons, including failure to show standing (i.e., Plaintiff failed to allege that the challenged period of detention was not credited to his sentence), failure to explain why a state judge's issuance of a warrant on October 9, 2015, was not a probable cause finding, and failure to allege facts supporting a claimed conspiracy to "backdate" the foregoing warrant. (*Id.* at 16-17.) As to Plaintiff's claim that he was arrested based upon false statements and evidence, Judge Birzer recommended dismissal without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff's claim was premised upon his conviction being invalid, and *Heck* therefore required him to show the conviction had been overturned or otherwise called into question, which he had not done. (*Id.* at 18-21.) As for Plaintiff's related claim seeking reversal of his conviction, Judge Birzer recommended dismissal without prejudice on grounds that such relief was available only in a habeas corpus petition and was otherwise premature given that Plaintiff was still pursuing state remedies. (*Id.* at 21.)

Finally, Judge Birzer recommended dismissal of Plaintiff's claims that he had been subjected to excessive force and improper threats on October 8-9, 2015, because such claims were only added to the amended complaint filed December 18, 2018, they did not relate back to the date of the original complaint under Fed. R. Civ. P. 15(a), and the allegations showed the claims were barred by a two-year statute of limitations. (*Id.* at 23-24.) Judge Birzer concluded in the R&R there was no basis for equitable tolling of the statute of limitations, pointing out Plaintiff clearly had access to the courts for purposes of bringing a timely action. (*Id.* at 24-25.) The court notes

that under *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1097 (10th Cir. 2009), the court "may not sua sponte dismiss a prisoner's § 1983 action on the basis of statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." In this instance, Plaintiff was provided notice of the issue by the R&R, which concluded there are no grounds for equitable tolling. He was further given the opportunity to be heard on the issue, as the R&R informed him that he had 14 days to object to the proposed findings and recommendation, and that the failure to make a timely objection would waive appellate review of both factual and legal questions. (Doc. 39 at 26.) Accordingly, the court finds that Judge Birzer's sua sponte recommendations on the limitations issue were appropriate.

Notice of the filing of the R&R, and a link to the document, were emailed to Plaintiff at the state institution where he is incarcerated, and a copy of the R&R was also mailed to Plaintiff by certified mail. (*See* ECF receipt associated with Doc. 39). The R&R was received at the institution on April 26, 2019. (Doc. 41). Plaintiff had 14 days after service of the R&R to file objections, but he has not done so. Under Fed. R. Civ. P. 72(b), the court is only required to review de novo "any part of the magistrate judge's disposition that has been properly objected to." *See also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") The court has nevertheless reviewed the magistrate judge's recommendations in this matter and concludes the R&R is appropriate and should be adopted in its entirety.

IT IS THEREFORE ORDERED this 24th day of May, 2019, that the Report and Recommendation (Doc. 39) of Magistrate Judge Birzer is ADOPTED. Plaintiff's claims are

hereby DISMISSED as to all Defendants as recommended in the R&R.  The clerk is directed to

enter judgment of dismissal in favor of all Defendants.

____s/ John W. Broomes_____

JOHN W. BROOMES

UNITED STATES DISTRICT JUDGE
